### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WALTRAUD DAVIS and | : | |
| JAMES O. DAVIS | : | NO. 22-1858 |

### MEMORANDUM

**Savage, J.**                                                                                          **September 1, 2022**

In this mortgage foreclosure action, the plaintiff United States of America moves to serve the defendant Waltraud Davis[1] by mailing a copy of the summons and the complaint by certified and regular mail, and by posting a copy of the summons and the complaint at her last known property address. Because its efforts to locate and serve the defendant were inadequate, we shall deny the motion.

An individual may be served by either delivering copies of the summons and the complaint personally to the defendant, leaving copies with someone of suitable age who resides at the individual's dwelling or usual place of abode, or delivering copies to the defendant's authorized agent. Fed. R. Civ. P. 4(e)(2)(A)-(C). According to the plaintiff, the process server was unable to serve the defendant personally. Relying upon Pennsylvania law, the plaintiff seeks permission to serve the defendant by alternative means. Pa. R. Civ. P. 430(a).

There is no federal rule providing for alternative service. However, Rule 4(e)(1) permits any method of service allowed by the state in which the judicial district is located.

---

[1] The real property and mortgage are in the names of Waltraud Davis and James O. Davis. Both are named as defendants. James O. Davis is deceased.

Pennsylvania Rule of Civil Procedure 430 allows for alternative service. That rule provides that "the plaintiff may move the court for a special order directing" an alternative method of service. Pa. R. Civ. P. 430(a).

Rule 430 does not explicitly identify the prerequisites for obtaining an order for alternative service. However, it requires the plaintiff to submit "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." *Id.* Implicit in this requirement is that the plaintiff has an obligation to make both a good faith effort to locate the defendant and make a practical effort to serve the defendant.

To justify alternative service, the plaintiff must demonstrate that: (1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve her under the circumstances; and (3) its proposed alternative means of service is "reasonably calculated to provide the defendant with notice." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (citations omitted). If the plaintiff fails to satisfy the first two requirements, there is no need to consider the third.

Here, the plaintiff has failed to meet its burden to demonstrate that it made a good faith effort to locate the defendant. It has not shown that personal service upon the defendant cannot be made.

**Analysis**

The note to Rule 430 provides a non-exhaustive list of good faith efforts: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act [("FOIA")], (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, . . . voter registration records,

2

local tax records, and motor vehicle records, and (4) a reasonable internet search." Pa. R. Civ. P. 430(a) note.  Other efforts include "calling telephone directory assistance" and "hiring private investigators or skip tracer services." *Barbosa v. Dana Cap. Grp., Inc.*, No. 07-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009) (footnotes omitted); *see also Clayman v. Jung*, 173 F.R.D. 138, 139–40 (E.D. Pa. 1997).

The plaintiff need not pursue all these methods, but it must do more than a "mere paper search." *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 31 (Pa. Super. Ct. 2015) (quoting *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989)); *see also Calabro*, 464 F. Supp. 2d at 472.  Indeed, "[a]lternative means of service are an 'option of last resort.'"  *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (quoting *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1089 n.3 (Pa. 2001) (Newman, J., dissenting)).  Thus, courts in this district have deemed a plaintiff's efforts to personally serve a defendant insufficient where most of these methods were left unexplored.  *See, e.g., Barbosa*, 2009 WL 902339, at *5 (citations omitted); *Johnson v. Berke Young Intern., LLC*, No. 07-2240, 2007 WL 3010531, at *2 (E.D. Pa. Oct. 12, 2007); *Accu-Tech Corp. v. Network Tech. Group, Inc.*, No. 05-1923, 2005 WL 1459543, at *2 (E.D. Pa. June 17, 2005).

The plaintiff's efforts to locate the defendant were cursory.  Its investigation included a motor vehicle search, a business records search, a credit header inquiry, death records review, a postal FOIA inquiry, and prison and military searches.  In addition, its investigator checked Google, Facebook and LinkedIn.  Where the sources suggested leads, the investigator did not meaningfully pursue them.  Attempts to telephone "a possible neighbor," "a possible relative," and obtain "a possible number of the defendant"

were unsuccessful. After making an unsuccessful single call to each number, the investigator did not call again. There is no evidence that the numbers called were associated with the defendant, her neighbor or a relative. The investigator did not interview neighbors who could have provided information on the whereabouts of the defendant. Instead, she relied on a computer search for leads.

A business search identified an active business, Eco Safe Pest & Wildlife Maintenance, Inc., at the property address. Although the investigator could have determined from a check with the Pennsylvania Department of State the identities and addresses of the officers or owners of the business, she did not.

The plaintiff made no inquiry of voter registration records, ownership or rental status of the property where the process server attempted service, or property tax records. Ownership of the property would have provided a source for determining whether the defendant resided there. If the property is not owned by the defendant, the owner could verify where she resides or last resided. Where she is registered to vote would have confirmed where she lived.

These attempts to locate the defendant were inadequate. Based upon the plaintiff's failure to diligently locate the defendant, one cannot reasonably conclude that she resides there or somewhere else. Posting the summons and the complaint on a property where the plaintiff suggests the defendant does not reside will not ensure the defendant receives actual notice of the action. Therefore, we shall deny the motion.